**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 09-6841**

—————————

SANDRA KAY CRAWLEY,

              Petitioner – Appellant,

       v.

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS; WARDEN OF LEATH
CORRECTIONAL,

              Respondents – Appellees.

—————————

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.  Terry L. Wooten, District Judge.
(9:08-cv-01051-TLW)

—————————

Submitted: August 26, 2009          Decided: September 3, 2009

—————————

Before TRAXLER, Chief Judge, GREGORY and SHEDD, Circuit Judges.

—————————

Dismissed by unpublished per curiam opinion.

—————————

Sandra Kay Crawley, Appellant Pro Se.  Donald John Zelenka,
Deputy Assistant Attorney General, James Anthony Mabry,
Assistant Attorney General, Columbia, South Carolina, for
Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sandra Kay Crawley seeks to appeal the district court's order accepting the magistrate judge's recommendation to grant Respondents' motion for summary judgment and dismissing Crawley's 28 U.S.C. § 2254 (2006) petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on March 5, 2009. The notice of appeal was filed on April 28, 2009.[*] Because Crawley failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

materials before the court and argument would not aid the decisional process.

DISMISSED